**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| MARY JO ALTIMARI : <br> : <br> v. : <br> : <br> JOHN HANCOCK VARIABLE : <br> LIFE INSURANCE COMPANY : <br>  and : <br> FIRST UNION BANK, : <br> a/k/a WACHOVIA BANK : <br> : | CIVIL ACTION LAW <br><br> CASE NO.   2:02-cv-02972-MK |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT FIRST UNION'S MOTION TO DISMISS**

**INTRODUCTION**

Defendant First Union was added to this action pursuant to this Court's Order of July 26, 2002, granting plaintiff's motion for leave to join Ann Monroe and First Union Bank ("First Union"). (Ms. Monroe was not joined.)

Plaintiff, a resident of Pennsylvania, who alleges that her late common law husband Brian Batchelor's life was insured or was entitled to be insured by defendant John Hancock Variable Life Insurance Company ("John Hancock"), asserts five counts against First Union, as set forth in Count III (promissory estoppel), Count IV (bad faith), Count V (Unfair Trade Practices and Consumer Protection Law), Count VI (fraud) and Count VIII (negligent misrepresentation). Brian Batchelor was also a resident of the Commonwealth of Pennsylvania. (Plaintiff's Complaint, ¶ 7).

The claims against First Union are based upon the alleged conduct of Ann Monroe. Ms. Monroe is alleged to have acted as an agent for both First Union and John Hancock. (Id. ¶ 10). In turn, First Union is alleged to have acted as an agent for John Hancock. (Id. ¶ 10).

Ms. Monroe is alleged to have solicited Batchelor to purchase insurance from John Hancock (id. ¶ 8), and, subsequently, after John Hancock requested a medical examination and deposited a check for $49.99 for that exam (id. ¶ 16), to have told him "you're covered." (Id. ¶¶ 19, 20) Later, John Hancock ordered a second medical exam (id. ¶¶ 24-25) and issued a refund check for the $49.99. (Id. ¶ 23)

Plaintiff claims that, based upon these alleged facts, she is entitled to recover from each of the defendants the face amount of the $550,000 life insurance policy Batchelor sought. (Id. ¶ 27).

Defendant First Union seeks to dismiss plaintiff's Complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.

## ARGUMENT

### I.     STANDARD FOR MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, testing the legal sufficiency of claims, may be granted only if there was no set of facts which would entitle plaintiff to relief. Even accepting all of plaintiff's allegations and reasonable inferences

2

therefrom, plaintiff's claim clearly fails to satisfy applicable legal standards. Rocks v. Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989).

## II.     APPLICABLE LAW

As the insured resided in Pennsylvania, Pennsylvania law should control. Benevento v. Life USA Holding, Inc., 61 F. Supp.2d 407, 415 (E.D. Pa. 1995) (Joyner, J.). Inasmuch as plaintiff invokes Pennsylvania statutes as a basis for her claims, she would appear to agree that Pennsylvania law controls.

## III.    COUNT III (Promissory Estoppel)

Promissory estoppel seeking to enforce the terms of an alleged contract does not apply to an agent. Section 90 of the Restatement (Second) of Contracts provides the basis for Pennsylvania law on this issue, Central Storage Transfer Co. v. Kaplan, 487 Pa. 485, 410 A.2d 292, 294 (1979). While an agent may bind its principal under promissory estoppel doctrine, Universal Computer Systems v. Medical Services Ass'n of Pa., 628 F.2d 820 (3d Cir. 1980), there is no law holding a disclosed agent can be liable for promissory estoppel when the contract at issue (here the life insurance policy) was to be issued by its principal. *See* Keough v. Harshaw's, Inc., 36 D.&C.2d 612, 618 (C.P. Mercer Cty. 1984) (conceded by plaintiff in response to demurrer). As First Union was acting only as an agent for John Hancock, First Union has no liability to plaintiff for promissory estoppel.

### IV.     COUNT IV (Bad Faith)

Plaintiff asserts a claim against First Union under 42 Pa. C.S. § 8371 for refusing to issue a life insurance policy. The statute clearly applies only to insurers, not their agents. *E.g.*, Dresdner v.State Farm Mut. Ins. Co., 1995 U.S. Dist. LEXIS 11213 (E.D. Pa., Aug. 8, 1995) (Kelly, R.F., J.); Cardine v. Ohio Life Ins. Co., PICS No. 96-6752-23-00 (C.P. Fayette Cty., June 26, 1996).  As plaintiff does not assert that First Union has a license to issue any such policy, she has no claim against First Union for an alleged violation of the statute..

Further, the statute does not apply to conduct which occurs prior to formation of the insurance contract. Weisblatt v. Minnesota Mut. Life Ins. Co., 4 F. Supp.2d 371, 385 n.20 (E.D. Pa. 1998) (Dalzell, J.); Adamski v. Allstate Ins. Co., 738 A.2d 1033, 1036 (Pa. Super. 1999), appeal denied, 563 Pa. 655, 759 A. 2d 381 (2000); Seiss v. Sherman, 49 D.&C.4th 367, 371-72 (C.P. Butler Cty. 2000), quoting from Terletsky v. Prudential Property and Cas. Ins. Co., 437 Pa. Super. 108, 125, 649 A.2d 680, 688 (1994). There was no conduct after the alleged formation of a contract which forms the basis for plaintiff's claim other than the refusal to pay. That claim can be made only against an insurer.

### V.     COUNT V (Unfair Trade Practices and Consumer Protection Law)

Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. §§ 201-1 et seq., is a generalized statute governing representations in the sale of goods and services.

However, the UTPCPL only provides a cause of action if there was fraud in the sale of the insurance policy. Fisher v. Aetna Life Ins. & Annuity Co., 39 F. Supp.2d 508, 511 n.1 (M.D. Pa. 1998), aff'd w/o pub. op, 176 F.3d 472 (3d Cir. 1999), cert. denied, 528 U.S. 816 (1999). Plaintiff has not alleged that Ms. Monroe uttered any knowingly false statements to secure sale of the policy.

Moreover, the mere refusal to pay a claim under a policy or refusal to issue a policy is nonfeasance, which is not actionable under the UTPCPL, which recognizes only misfeasance. Horowitz v. Federal Kemper Life Assur. Co., 57 F.3d 300 (3d Cir. 1995); MacFarland v. United States Fid. & Guar. Co., 818 F. Supp. 108 (E.D. Pa 1993) (Joyner, J.). Even the reckless and bad faith handling of insurance does not amount to the misfeasance permitting a claim under the UTPCPL. Klinger v. State Farm Mut. Auto Ins. Co., 895 F. Supp. 709 (M.D. Pa. 1995).

In this case, plaintiff claims that defendants' misfeasance, for purposes of the UTPCPL claim, was comprised of leading plaintiff to believe that the decedent was covered by a policy of life insurance then, upon learning that the decedent was diagnosed with cancer, conducting an improper investigation and refusing to pay life insurance proceeds. Like Klinger, supra, plaintiff's allegations amount to a refusal to pay insurance proceeds, and plaintiff has merely relabeled them a UTPCPL claim. The only arguable misfeasance would have been the investigation by John Hancock which occurred after John Hancock repudiated the contract, by returning the decedent's premium payment. See Complaint at ¶¶22-27. After the repudiation, or the refusal to provide coverage (nonfeasance), any action of misfeasance by John Hancock is immaterial, at least with respect to any liability of First Union. Indeed, there is no authority to

impose any liability upon First Union, the agent, for the alleged misfeasance of John Hancock, the principal.

For these reasons, the UTPCPL claim should be dismissed.

### VI.     COUNT VI (Fraud)

In material part, plaintiff seeks to hold First Union responsible for the alleged fraudulent conduct of its principal, John Hancock. There is no principle of law by which an agent is held liable for the fraudulent conduct of its principal. Therefore, to the extent that plaintiff's fraud claim against First Union rests upon John Hancock's conduct, plaintiff should be required to replead her claim.

### VII.    COUNT V (Negligent Misrepresentation)

Plaintiff seeks to hold First Union liable for negligent misrepresentation based upon the alleged misstatement of Ann Monroe that "you're covered." An alleged negligent misrepresentation is not the substitute of a guaranty. Absent fraud, an agent acting on behalf of a disclosed principal is not personally liable for inducing a party to enter (or attempt to enter) a contract. Cox v. Giles, 267 Pa. Super. 411, 406 A.2d 1107 (1979), cited by Beaver v. Kemper Nat'l Ins. Co., 1994 U.S. Dist. LEXIS 2793, at *7 (E.D. Pa., March 10, 1994) (Troutman, J.). Therefore, plaintiff cannot assert a claim of negligent misrepresentation against First Union.

If a cause of action could be stated for negligent misrepresentation, the critical issue in determining whether a negligent misrepresentation occurred is to determine whether damage resulted. See Hopkins v. Erie Ins. Group, 36 D.&C.3d 563 (C.P. Potter 1984) (where plaintiff

cannot establish that he would have been deprived of coverage but for the agent's alleged misconduct, no cause of action is stated).

## **CONCLUSION**

For all of the foregoing reasons, defendant First Union moves for the dismissal of plaintiff's claims against it.

Respectfully submitted,

_____
Jeffrey B. Albert
PA ID No. 09859
McKissock & Hoffman, P.C.
1700 Market Street
Suite 3000
Philadelphia, PA 19103
(215) 246-2100

Attorney for Defendant
First Union Bank a/k/a Wachovia Bank

Dated: October 15, 2002